Statoil Energy, Inc.

v.

Mark Hayes

July 7, 2000

Case No. CL000160

BY JUDGE JOHN E. KLOCH

This action comes on demurrer to Count II of Mr. Hayes' counterclaim for breach of contract. Statoil Energy, Inc. (a.k.a. "STEN") contends that Mr. Hayes does not have preemptive rights to acquire shares in STEN under the Virginia Stock Corporation Act, § 13.1-651. STEN brought this demurrer, and, after argument, this Court took the matter under advisement. I am of the opinion that there are only two possible sources for Mr. Hayes' preemptive rights in this case. The first is by law, and the second is by contract. The law provides preemptive rights to shareholders. Mr. Hayes is not a shareholder. Mr. Hayes does not allege that his contract, in and of itself, gives him preemptive rights. Consequently, the demurrer will be sustained.

"Shareholders" of a corporation have a preemptive right to acquire proportional amounts of the corporation's unissued shares upon the decision of the board of directors to issue them. Va. Code Ann. § 13.1-651(A). A "shareholder" means a person in whose name shares are registered in the records of a corporation, the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation, or the beneficial owner of shares held in a voting trust. Va. Code Ann. § 13.1-603. In this case, Mr. Hayes does not allege that he is any one of those three types of people.

Instead, in Count II, ¶ 28, Mr. Hayes contends that he is a "holder of shares" by operation of § 13.1-651 and that he is entitled to maintain his proportionate share of corporate ownership by acquiring proportional amounts

of STEN's unissued shares upon STEN's decision to issue them. As authority, Mr. Hayes relies entirely on Subsection H, which provides that "[f]or purposes of this section, 'shares' includes a security convertible into or carrying a right to subscribe for or acquire shares." Va. Code Ann. § 13.1-651. Mr. Hayes contends that his option qualifies as a share under this provision and that as a holder of a share he holds preemptive rights under the statute.

The issue in this case is whether an option holder has preemptive rights. Although Subsection H is not clear, that confusion is moot. While much of § 13.1-651 contains an odd ambiguity, it is of no import because only Subsection (A) of § 13.1-651 grants rights upon which Mr. Hayes may rest his counterclaim. The remaining sections merely define those rights. Thus, even if this Court were to find that "holders of 'shares'" meant something different than "shareholders," it would not matter for the purposes of this demurrer. Only "shareholders" have a preemptive right, not "holders of 'shares'." Va. Code Ann. § 13.1-651(A).

Although there are no controlling Virginia cases on this issue, the Virginia Stock Corporation Act's mandate comports with corporation law generally. Fletcher's corporations encyclopedia draws attention to two cases. Although shareholders are entitled to exercise preemptive rights to take their proportionate share of newly issued stock, the rule is that option holders do not possess that right. *Van Slyke v. Norris* 198 N.W. 409, 411 (Minn. 1924) (cited in Fletcher Cyc. Corp. § 5137 (perm. ed. 1995)). An option holder is an entity distinct from a stockholder and does not have stockholder rights. *Pratt v. American Bell Tel. Co.*, 5 N.E. 307, 311 (Mass. 1886) (cited in Fletcher Cyc. Corp. § 5137 (perm. ed. 1995)). In *Pratt*, the Court noted that an option is far too conditional and depends on the exercise of rights that may never become particularized and real. *Pratt*, 5 N.E. at 311.

The Court sustains STEN's demurrer and holds that Mr. Hayes does not have preemptive rights as an option holder.